

# United States Bankruptcy Court
# for the District of Oregon

Thomas M. Renn, Judge
Jonni Paulsen, Judicial Assistant
Andrea Breinholt, Law Clerk

405 East Eighth Avenue, Suite 2600
Eugene, Oregon 97401

(541) 431-4050
FAX: (541) 431-4047

July 13, 2020

**VIA ECF ONLY**

Ms. Natalie C. Scott
Scott Law Group LLP
POB 70422
Springfield, OR 97401

Mr. Bradley S. Copeland
Attorney at Law
POB 1758
Eugene, OR 97440

Mr. Edward H. Talmadge
Edward H. Talmadge PC
135 5th Avenue SW
Albany, OR 97321

RE:  WNB Financial, et al, v. Sandra L. King; Adv. Proc. No. 19-6058-tmr
     David King, Jr., et al, v. Sandra L. King; Adv. Proc. No. 19-6059-tmr

Counsel:

    I write to outline my ruling on Defendant's Motions to Dismiss (the Motions) filed in the above adversary proceedings. As the parties recognize, the facts and legal issues in each case are substantially similar. Because Defendant's arguments regarding dismissal are largely the same in each case, I am issuing this joint ruling covering both Motions. To the extent Defendant's arguments or my analysis pertain only to Plaintiff WNB Financial N.A. (WNB) or to Plaintiffs David King, Jr., Kate King, and Kristin King-Fournier (King Plaintiffs), I will designate such.

    The parties agree on the procedural posture of the cases, the applicable standards for dismissal under Fed. R. Civ. P. (FRCP) 12(b)(6), and the pleading requirements outlined in FRCP 8 and 9.[1] As outlined in more detail below, I agree with Defendant that WNB and the King Plaintiffs have not sufficiently pled several of the claims at issue. Further, because I believe it is possible that the defects could be cured by the allegation of additional facts, I will not dismiss any claims but will grant Defendant's request for an order requiring Plaintiffs to make their allegations more definite and certain. *See Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th

---

[1] These Rules are made applicable by Fed. R. Bankr. P. 7012, 7008, and 7009, respectively.

Cir. 1995) (leave to amend should be granted unless it is clear that the complaint cannot possibly be cured by the allegation of other facts); see also FRCP 15(a) ("leave [to amend] is to be freely given when justice so requires").

Standing / Bases for Recovery of Attorney Fees (King Plaintiffs only)

Although Defendant argues that the King Plaintiffs do not assert a legal basis for requesting attorney fees for the three claims brought under 11 U.S.C. § 727,[2] they cite in paragraph 24 NRS 153.031(3)(b) as the basis for recovering such fees. The ultimate question of whether Plaintiffs are entitled to recover attorney fees under this statute is not yet before the court. The Amended Complaint is sufficiently pled as to this issue.

Failure to Plead § 524(a)(4) Fraud Claim with Particularity (WNB only)

In its Complaint, WNB outlines its fraud allegations[3] by reference to the Oregon Court of Appeals opinion affirming the trial court's ruling that Defendant breached her fiduciary duties as trustee of the David F. King Trust (the Trust). While the facts underlying these state court determinations may support a claim for fraud under § 524(a)(4), reference to the breach of fiduciary duty rulings, by itself, does not "state with particularity the circumstances constituting fraud" under FRCP 9. Although exhibits submitted with a complaint may also be considered as part of the complaint, *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987), the exhibits attached to WNB's Complaint are lengthy and include considerable detail that may or may not be relevant to this proceeding. Given the complexity of the issues in the state court proceedings and the scope of the resulting rulings, I find that, without more, the reference in WNB's Complaint to the state courts' breach of fiduciary duty rulings do not satisfy the Rule 9(b) requirement that "allegations of fraud [be] specific enough to give [Defendant] notice of the particular misconduct which is alleged to constitute the fraud charged so that [she] can defend against the charge and not just deny that [she has] done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

Failure to Plead § 524(a)(4) Defalcation Claim with Particularity (King Plaintiffs only)

Unlike fraud claims, a defalcation claim brought under § 523(a)(4) does not fall within the parameters of FRCP 9. It does, however, require Plaintiffs to allege that Defendant had a culpable state of mind and committed "an intentional wrong." *See Bullock v. BankChampaign, N.A.*, 569 U.S. 267, 274 (2013). Again, while the facts underlying the breach of fiduciary duty rulings may give rise to a claim of defalcation, the King Plaintiffs' reference to the rulings, by itself, does not satisfy the state of mind pleading requirement under *Bullock*. Further, because the applicable time period for the defalcation analysis under § 523(a)(4) is "while [Defendant was] acting in a fiduciary capacity," Plaintiff's allegations regarding "Debtor's ongoing misrepresentations in her [bankruptcy] Schedules and Statement of Financial Affairs" do not remedy the deficiency.

---

[2] Unless otherwise indicated, all statutory references are to Title 11 of the United States Code (Bankruptcy Code).

[3] Where WNB asserts in paragraph 26 of its Complaint that "Defendant used her fiduciary position to defraud the Trust" and does not reference defalcation, I read the Complaint as only bringing a claim for fraud under § 523(a)(4).

Insufficient Allegations re: § 727(a)(2)(A) Claims (both cases)

In its Complaint, WNB alleges that Defendant is the true or equitable owner of assets held by several named trusts and that, within one year prior to her bankruptcy filing, she concealed her interest in and benefits related to these trusts. Where the basis of the claim is concealment of property, Plaintiff is necessarily at a disadvantage in being able to specify in any detail the purportedly concealed assets. I expect that Plaintiff will clarify its claim during the discovery process. Given the overlap with the King Plaintiffs' case, the level of detail outlined in the King Plaintiffs' Complaint, Defendant's acknowledgement that the claims in the two cases arise from the same set of facts, and the parties' litigation history,[4] I conclude that Defendant has sufficient information to enable her to defend herself.

That said, WNB does not allege that Defendant acted "with intent to hinder, delay, or defraud a creditor," as required to bring a claim under § 727(a)(2). In this regard, WNB's Complaint is deficient and must be re-pled. Further, if WNB intends to pursue its claim that Defendant failed to disclose assets, transfers, etc., her amended complaint must allege what specific disclosures are required and how Defendant failed to satisfy the requirement.

For the reasons outlined above, I find that the King Plaintiffs' claim under § 727(a)(2), which outlines considerably more detail regarding the purportedly concealed property and inconsistencies in Defendant's bankruptcy paperwork, puts Defendant on notice of the claim against her. Through discovery, the Plaintiffs can refine the property and disclosures at issue. Further, where the King Plaintiffs' claim includes the requisite allegation regarding intent (see Amended Complaint para. 26), I find that it satisfies the pleading requirements under FRCP 8 and 9.

Failure to Plead § 727(a)(3) Claim (King Plaintiffs only)

As to this claim, Plaintiffs simply restate the language of the statute in claiming Defendant "concealed, destroyed, mutilated, falsified, or failed to keep and preserve recorded information." Without any specific factual allegations to support this claim, Plaintiffs do not show that they're entitled to relief, as required under FRCP 8(a)(2). Their reference to purported omissions and inconsistencies in Defendant's paperwork does not provide a sufficient factual basis for a claim under § 727(a)(3). In their Response to Defendant's Motion to Dismiss, Plaintiffs discuss Defendant's counsel's "unwillingness to allow Plaintiffs to obtain records or further examine the Defendant in these proceedings beyond the first meeting of creditors." If this is the basis for their claim under § 727(a)(3), they must properly allege it in a further amended complaint.

Failure to Plead § 727(a)(4)(A) Claim (both cases)

In its Complaint, WNB outlines its § 727(a)(4) claim in paragraphs 19 through 24. While "failed to disclose or account for assets" in paragraph 22 could be treated as an allegation relating to a false oath or account, without any reference to when or where such a disclosure was

---

[4] In her Motion to Dismiss the King Plaintiffs' Complaint, Defendant references a state trial court ruling regarding these several trusts and related transfers and transactions.

required, the claim lacks the specificity required under FRCP 9(b). Further, WNB's claim does not address the other elements of a § 727(a)(4)(A) claim. To prevail on such a claim, "plaintiff must show: (1) the debtor made a false oath in connection with the case; (2) the oath related to a material fact; (3) the oath was made knowingly; and (4) the oath was made fraudulently." *Roberts v. Erhard (In re Roberts)*, 331 B.R. 876, 882 (9th Cir. BAP 2005). Without allegations specific to these elements, I find that WNB has not properly brought a claim under § 727(a)(4) or satisfied FRCP 9(b). But again, because it is possible that these defects could be cured in an amended complaint, I will give WNB additional time to do so.

In their Complaint, the King Plaintiffs allege that there are numerous inconsistencies and omissions in Defendant's bankruptcy paperwork. They do not, however, identify which of these inaccuracies relate to a material fact. Further, while they argue in paragraph 32 of their Amended Complaint that Defendant "knowingly and fraudulently engaged in conduct that constitutes sufficient grounds to deny Defendant" her discharge, the statute requires an allegation of specific false oaths or accounts. An assertion regarding general "conduct" is not sufficient. Because it appears that these deficiencies could be remedied by the allegation of additional facts, I will require the King Plaintiffs to further amend their complaint to address these issues.

<u>Consolidation / Procedural Posture / Amounts Recoverable by Others (both cases)</u>

As the parties acknowledge, the facts and legal issues in the two cases overlap significantly. I am receptive to the argument that consolidation in some form would make the litigation process more efficient, less expensive, and resolve the problem of both sets of Plaintiffs seeking nondischargeability judgments on the same sum. However, in light of the two pending Motions for Relief from Stay filed by WNB and the King Plaintiffs in the main bankruptcy case, the question of consolidation requires further thought and discussion. At the Motion for Relief hearings currently set for July 14, 2020, I will address these issues, as well as solicit the parties' input on the process for moving the cases forward.

These are my findings of fact and conclusions of law. I will enter separate orders consistent with this opinion. The orders will not include a deadline by which the Plaintiffs must amend their complaints or file a consolidated amended complaint. As indicated above, we will discuss timing and approach at the hearing on July 14, 2020.

Very truly yours,

*/s/ Thomas M. Renn*

THOMAS M. RENN
Bankruptcy Judge

TMR:jrp